**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERMAINE A. PEGRAM,                                         Case No. 1:14-cv-638

      Plaintiff,

                                            Barrett, J.

      v.                                                           Bowman, M.J.

OHIO CHILD SUPPORT DIVISION,

      Defendant.


**REPORT AND RECOMMENDATION**


On August 11, 2014, the Clerk of Court received a document that appeared to be a complaint intended to be filed in this Court. (Doc. 1). However, on its face, the document reflected that identical copies of the same papers were simultaneously mailed to numerous courts and agencies, making Plaintiff's intention somewhat unclear. In addition to this Court, other courts and agencies to which the identical documents ostensibly were mailed include: (1) the Federal Building and U.S. Courthouse in Akron, Ohio; (2) the U.S. Courthouse in Cleveland, Ohio; (3) the U.S. Courthouse in Youngstown, Ohio; (4) the U.S. Courthouse in Toledo, Ohio; (5) Room 121 of the U.S. Courthouse in Columbus, Ohio;[1] (6) the Ohio Attorney General; (7) Ohio Governor Kasich; (8) Family Court Judge Michael L. Howard in Canton, Ohio; (9) Senator Mike DeWine; (10) Lt. Governor Mary Taylor; and (11) the Child Enforcement Division in Canton, Ohio.

---

[1]Court records reflect that the documents mailed to the Columbus Courthouse were filed as a new case captioned as *Pegram v. State of Ohio*, Civil Case No. 2:14-cv-1205-GCS-MRA, on the same date as the Clerk filed the instant complaint. No orders have yet been entered in that case.

On August 12, 2014, the undersigned directed Plaintiff to either pay the requisite $400.00 filing fee (the fee applicable to non-prisoners) or to file a request for leave to proceed *in forma* pauperis in this Court, to the extent that he was seeking to file a complaint.  On August 29, 2014, Plaintiff complied with the Court's order by filing an application and affidavit to proceed *in forma pauperis*.

## I.  General Screening Authority

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less

2

stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

## II.  Plaintiff's Construed "Complaint" Should Be Dismissed

When first received, it was far from clear that the document delivered to the Cincinnati office of the Clerk of Court was intended to be a complaint to be filed in this Court.  Plaintiff's subsequent compliance with the order directing him to either pay a filing fee or submit an application to proceed *in forma pauperis,* to the extent that he intended to initiate litigation, satisfies this Court's understanding that the document should be construed as a *pro se* complaint.  Having ascertained that the document is intended to be so construed, and applying the relevant screening standards, the undersigned recommends that Plaintiff's complaint be dismissed in its entirety for lack of jurisdiction, because it is frivolous, and because it fails to state a claim against any Defendant upon which relief may be granted.

### A.  Lack of Federal Jurisdiction

Plaintiff bears the burden of proving subject matter jurisdiction.  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)). No particular basis for jurisdiction is stated in the Complaint itself.  The document is not even clearly a "complaint," insofar as it is a copy of a document mailed simultaneously to multiple courts and persons, and is captioned as an "Order Declaring Ohio's Child Support Guidelines Void and Unconstitutional."  (Doc. 1 at 4).  Importantly, for screening purposes, Plaintiff has failed to clearly identify the person or persons against whom he intends to file suit – instead, the document contains a "Certificate of Services" [sic] listing buildings and/or entities and persons to whom a "copy" was mailed on August 8, 2014.  (Doc. 1 at 2).  Only on page 4 of the document, the page bearing the "Order"

4

caption, is there any suggestion of a single identifiable Defendant, to the extent that the caption includes the designation "Plaintiff vs State of Ohio Child Support Division." (Doc. 1 at 4).  There was no civil cover sheet attached to the document, but liberally construing it, the Clerk initially filed it as a civil rights complaint pursuant to 42 U.S.C. §1983.

To state a § 1983 claim, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  *See Hines v. Langhenry*, 462 Fed. Appx.  500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).  Plaintiff has failed to state any viable claim pursuant to 42 U.S.C. §1983.

Construed liberally, Plaintiff alleges that he has been prosecuted and locked up for offenses relating to non-payment of child support for multiple children, and that the State of Ohio has wrongfully applied its guidelines to order him to pay support for various children notwithstanding his poverty.  He alleges that the Ohio child support guidelines "as applied to Jermaine A Pegram in this case as well as every other parent in the State who is not granted custody of his or her child is harmful and that the harm flowing from the constitutional flaws in the Guidelines is suffered each and every time a payment calculated thereunder is due."  (Doc. 1 at 8).  He alleges that his driver's license was suspended, resulting in harm to his employment status, and that he ultimately was charged and/or convicted of a felony relating to nonpayment of support.[2] As relief, in addition to an "order declaring Ohio's child support guidelines void and unconstitutional," (Doc. 1 at 4), Plaintiff seeks:

---

[2]This allegation is somewhat unclear, but has been construed liberally.

> Release, Want for court to pay for Blood test for the Family Court case, Job Training schooling or College so I could help support my children.  I need a reasonable amount that does not go past one third of my income of what I make went [sic] I start working, for I have no money no training and no job.  I need help on this so I could stay out of jail release my licenses.  I'm marry with three kids I'm not able to contribute financial wise I'm here for them but I can't help financial  That's what the court could do for me I'm not looking for a hand down but I'm looking for employment to pay for my responsibility this is what the court could do for me on this civil case.

(Doc. 1 at 13)(grammatical errors original).

### 1.  No Claim Against Buildings and the Eleventh Amendment Bar

The most obvious source of this Court's jurisdiction over claims brought against the State Officials and the Ohio Child Support Enforcement Agency (CSEA) would be under 28 U.S.C. §1331 (federal question), to the extent that Plaintiff's claims are construed as alleging violation of his constitutional rights under 42 U.S.C. §1983.  Despite the lack of any civil cover sheet or other guidance decipherable from the complaint, the Clerk of Court reasonably docketed the complaint by construing it as if brought under §1983.  However, under § 1983, the plaintiff must show that each named defendant acted under color of state law and violated the plaintiff's civil rights. *Smith v. Williams-Ash,* 520 F.3d 596, 599 (6th Cir 2008).

Plaintiff's construed "complaint" on its face indicates that it was mailed to at least six separate federal buildings or courthouses.  To the extent those buildings should be construed as named Defendants, none of them is a viable Defendant under §1983.

In addition to mailing copies of the construed complaint to federal agencies and/or to various federal courthouses, Plaintiff indicates that he has mailed copies to the following individuals: the Ohio Attorney General, the Governor, the Lt. Governor, and a Family Court Judge in Canton, Ohio.  Last, Plaintiff indicates that he has mailed a copy

of his complaint to the office of the "Child Enforcement Division" in Canton, Ohio.  The physical address listed is for the Stark County, Ohio Department of Juvenile and Family Services, which also appears to house Stark County's Child Support Enforcement Agency ("CSEA") office.

When suing individual defendants, a plaintiff must "set forth clearly in [his] pleadings that [he is] suing the state defendants in their individual capacity for damages, not simply their capacity as state officials."  *Shepherd v. Wellman*, 313 F.3d 963, 967 (6th Cir. 2002).  One reason for that requirement is that the State of Ohio (or individuals named in their official capacities) may be entitled to sovereign immunity for any claim for monetary damages.  *See generally Will v. Michigan Dep't of State Police,* 109 S. Ct. 2304 (1989).

Here, the Eleventh Amendment bars Plaintiff's suit against any of the (construed) individual Defendants, because it appears from the Complaint that Plaintiff seeks monetary damages against each official only in his official capacity.  Likewise, the Ohio Department of Juvenile and Family Services (ODJFS) would be entitled to Eleventh Amendment immunity because it is a state agency.  *See Cady v. Arenac County*, 574 F.3d 334, 352 (6th Cir. 2009)(Eleventh Amendment immunity bars §1983 suits against a state, its agencies, and its officials sued in their official capacities).

## 2. No Relief Against State Judge

This Court also lacks jurisdiction over Plaintiff's claims against the state court judge to whom a copy of the complaint was mailed.  The heart of Plaintiff's claims against Family Court Judge Michael Howard challenges the award of child support, which would be an improper invocation of federal jurisdiction.  *Denman v. Leedy*, 479

F.2d 1097, 1098 (6th Cir. 1973)(dismissing lawsuit for failure to state a claim where plaintiff filed suit against thirty-six defendants, including State and County officials and private individuals, over intrafamily custody battle); *see generally* 28 U.S.C. §1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). In addition to the lack of factual support for any conceivable claim, Judge Howard is absolutely immune for money damages for any conduct undertaken in his judicial role. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

### 3. No Federal Jurisdiction Over Child Support

Clearly, a significant portion of Plaintiff's complaint pertains to domestic relations issues, which are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction. In general, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 10 S.Ct. 850, 853 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 Fed. App'x 615, 616 (6th Cir. 2002).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.*, 241 Fed. App'x 285, 287-290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. Numerous deficiencies in Plaintiff's complaint present an insurmountable barrier to jurisdiction. When similar claims have been presented, other federal courts have declined to exercise jurisdiction. *See, e.g., Aitken v. Child Support Enforcement Agency*, 2007 WL 963278 (N.D. Ohio, March 28, 2007)(dismissing under 28 U.S.C. §1915(e) plaintiff's due process claim based upon allegation that CSEA improperly awarded child support in his absence, when he could not attend hearing).

In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Plaintiff's conclusory references to violations of his civil rights are not sufficient—even if they did not merit dismissal under Fed. R. Civ. P. 12(b)(6)—to grant federal jurisdiction. This Court cannot grant the relief Plaintiff seeks -  alteration of the state court's alimony and child support award or State laws and related regulations. *See generally Elk Grove United School Dist. v. Newdow,* 124 S.Ct. 2301, 2309 (2004)(Despite "rare instances in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue,... in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards*, 112 S. Ct. 2206 (1992)(narrowing the domestic relations exception, but affirming its continuing viability). Therefore, all claims that relate to or challenge the non-support award should be dismissed for lack of subject matter jurisdiction. *Accord Wilder v.*

*Swann*, 2011 WL 4860041 *4 (E.D. Tenn. Oct. 13, 2011)(dismissing *pro se* plaintiff's civil rights case for lack of subject matter jurisdiction, where it was clear that claims arose solely out of divorce and custody proceedings); *McGhan v. Kalkaska County Dep't of Human Servs.*, 2009 WL 2170151 *9 (W.D. Mich. July 20, 2009)("the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings.").

### 4. ODJFS and/or Stark County CSEA

Plaintiff's construed complaint indicates that a copy was mailed to the "Child Enforcement Division," which the undersigned assumes is intended to be either ODJFS (entitled to Eleventh Amendment immunity) or the Stark County CSEA based upon the physical address listed. The same name is used to identify the lone "Defendant" on the page bearing the case caption and the title "Order." (Doc. 1 at 4). Regardless of which entity Plaintiff intends to sue, the crux of his claims appear to stem from proceedings that began around June 2006, at which time Plaintiff alleges that he was first "DNA tested for Temperance King." (Doc. 1 at 5). Plaintiff alleges that he was subsequently charged with non-support for a number of additional children, and, apparently, ultimately jailed on one or more occasions for non-support or for some related offense(s). While the undersigned cannot ascertain with certainty which entity Plaintiff intended to name as a Defendant, all claims would be barred either by the Eleventh Amendment and/or should be dismissed for failure to state any possible federal claim.

### 5. Limitations Bar

The statute of limitations for claims arising under 42 U.S.C. §1983 in Ohio is two years. *See* Ohio Rev. Code Ann 2305.10; *Browning v. Pendleton*, 869 F.2d 989, 992

(6th Cir. 1989). Plaintiff complains of child support proceedings dating back to 2006 but did not file his motion to proceed *in forma pauperis* until August 29, 2014 - more than four years after the original incident of which he complains. While the dates of each of the subsequent child-support related incidents are not specified in Plaintiff's complaint, any conduct alleged to have occurred more than two years prior to the date the complaint was filed is subject to *sua sponte* dismissal by this Court. *See Barnett v. Luttrell,* 414 Fed. App'x 784, 787 (6th Cir. 2011)(refusing to review *sua sponte* dismissal of time-barred claims); *Ashiegbu v. Kim*, 145 F.3d 1329, 1998 WL 211796 (Table, 6th Cir. April 24, 1998), *cert. denied*, 525 U.S. 857 (§1915(e) *sua sponte* dismissal is appropriate where claim is barred by statute of limitations).

### 6. Additional Grounds for Dismissal Under *Iqbal*

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, in recent years, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

11

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations.  *Id.*  The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth").  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965.  The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998)(internal quotation marks and additional citation omitted).

None of Plaintiff's allegations survive the *Twombly* and *Iqbal* pleading standards. Plaintiff has failed to state any claim against any Defendant, even when all allegations are construed in the light most favorable to Plaintiff.  *Pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pleaded.  *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011); *see also Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975).  A plaintiff is still required to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

In this case, the allegations presented by Plaintiff are so unsubstantial as to fail to state a claim.  To the extent that the allegations are liberally read, they concern

matters over which this Court has no jurisdiction.   *Accord McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999)(affirming *sua sponte* dismissal of complaint involving domestic relations dispute for lack of subject matter jurisdiction).

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks jurisdiction over the construed complaint and because Plaintiff fails to state a claim against any construed Defendant, IT IS RECOMMENDED THAT this case be dismissed with prejudice and closed, pursuant to 28 U.S.C. §1915(e).


 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

13

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERMAINE A. PEGRAM,                             Case No. 1:14-cv-638

     Plaintiff,

                                             Barrett, J.
     v.                                      Bowman, M.J.

OHIO CHILD SUPPORT DIVISION,

     Defendant.

**NOTICE**

     Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14